LEECHBURG MINING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20279.    Promulgated July 19, 1950.

*Alexander J. Barron, Esq.*, for the petitioner.
*Edwin P. Friedberg, Esq.*, for the respondent.

OPINION.

LEECH, *Judge:* By this proceeding the petitioner seeks redetermination of a deficiency in excess profits tax determined by the respondent in the sum of $4,228.36 for the taxable year ended June 30, 1945. The issue presented is whether, in computing gross income of the petitioner from certain completely equipped coal mining properties, of which petitioner is the lessee, for the purpose of determining percentage depletion allowable under sections 23 (m) and 114 (b) (4) of the Internal Revenue Code and Regulations 111, section 29.23 (m)–1, a sum equal to the rentals paid by the petitioner for the use of the lessor's plant. machinery and equipment during the taxable year was excludable from gross sales of the coal produced.

The facts were established by stipulation to which certain exhibits were attached and made a part thereof. These stipulated facts are included herein by reference and so much thereof as is necessary to an understanding of the issue is hereinafter set out.

The petitioner is a Pennsylvania corporation engaged in the mining of coal in Armstrong and Westmoreland Counties, Pennsylvania. Its returns for the taxable year involved were filed with the collector of internal revenue at Pittsburgh, Pennsylvania.

On June 23, 1944, the petitioner acquired by lease the right to mine coal from properties known as the Foster Mines and the Armstrong Mine, including the use of the plant and equipment thereon belonging to the lessor.

From the date of the aforementioned lease the petitioner has actively operated the Foster and Armstrong mines, using in such operation the plant. machinery and equipment of its lessor and paying therefor the rental stipulated in the lease which, *inter alia,* provides:

The Lessee shall pay to the Lessor as royalty and rent for the leased premises during the term hereof a sum equal to 10¢ for each net ton of 2,000 pounds of mineable and merchantable coal which the Lessee shall mine and ship from the leased premises, and for the use of the plant. machinery and equipment of the Lessor in the mining and removal of the said coal the Lessee shall pay to the Lessor a rental equal to the sum of 15¢ for each net ton of 2,000 pounds of such coal which it shall mine and shop [sic] from the said premises. The said royalty and rental. aggregating 25¢ for each net ton of mineable and merchantable coal mined and shipped from the leased premises are hereinafter collectively referred to as "royalty."

The petitioner. in the extraction of coal from the aforesaid properties and in the operation of the mines during the taxable year ended June 30. 1945. did not use any plant. machinery or equipment belonging to it. and at no time during the year did it own or have any interest whatsoever in any plant, machinery or equipment. The plant. ma-

chinery and equipment leased by petitioner as above detailed consisted of all buildings, miners' dwellings, structures and fixtures, tipples, power plants, tracks, mine cars, engines, boilers, motors, loaders, machinery, wiring, tools and appliances.

Petitioner, in its income and excess-profits tax returns filed for the taxable year in question, claimed a deduction of $117,749 as percentage depletion, computed as follows:

| | | |
|---|---|---|
| Gross sales of coal | | $2,442,314.06 |
| Less: | | |
| Rents on unopened tracts | $6,530.20 | |
| Royalties paid at 10¢ per net ton of coal extracted | 80,803.81 | |
| | | 87,334.01 |
| Gross income from the property | | 2,354,980.05 |
| Percentage depletion claimed (5% of $2,354,980.05) | | 117,749.00 |

The petitioner, in making the above computation, did not deduct from its gross sales $121,205.75, which amount represented rents paid by petitioner to its lessor for the use of the plant, machinery and equipment at the rate of 15 cents per ton for coal mined.

In determining the pending deficiency, the respondent deducted from petitioner's gross income an amount equal to the $121,205.75 representing the payments made by petitioner to its lessor under the lease for the use of the lessor's plant and facilities.

Section 114 (b) (4) (A) of the Internal Revenue Code provides:

In General.—The allowance for depletion under section 23 (m) shall be, in the case of coal mines, 5 per centum * * * of the gross income from the property during the taxable year, *excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property.* * * * [Emphasis added.]

Section 114 (b) (4) (B) defines gross income from the property as gross income from mining; the term "mining" to include not merely the extraction of ores or minerals from the ground but also the ordinary treatment processes normally applied by mine owners or operators in order to obtain the commercially marketable mineral product or products; and the term "ordinary treatment processes" to include in the case of coal the cleaning, breaking, sizing and loading for shipment.

We think that the plant and facilities leased by petitioner were necessary in the operation of the mines and are properly to be designated as items of development or plant and a part "of the property."

Respondent, by his Regulations 111,[1] section 29.23 (m)-1 (b), de-

---

[1] Regulations 111, effective June 30, 1942, is here applicable, but the definition in question has been carried unchanged in prior regulations for many years. See Regulations 77, 86, 94, 101, and 103.

fines a mineral property as "the mineral deposit, the development and plant necessary for its extraction, and so much of the surface of the land only as is necessary for purposes of mineral extraction." This definition of the word "property" as used in the statute has in many cases been quoted with approval. *Helvering* v. *Jewel Mining Co.*, 126 Fed. (2d) 1011; *Black Mountain Corp.*, 5 T. C. 1117. We are aware of no decision in which the correctness of the definition has been questioned.

Here the petitioner is the lessee of a coal property consisting of mineral deposits and the necessary plant and facilities for extraction of such deposits. For its rights as lessee it has covenanted under the lease to pay the lessor 25 cents for each net ton of coal extracted, 15 cents of this payment being allocated by the lease to rental of the plant and facilities and 10 cents per ton to the coal extracted from the deposit. Petitioner contends that the amount provided by the lease as applicable to rental for the plant and facilities does not constitute "rents or royalties paid or incurred by the taxpayer in respect of the property" within the purview of section 114 (b) (4) (A). We do not agree.

We are not concerned here with a deduction in computing net income subject to tax, and the fact that the lessor of the property as owner of the facilities may recover from this 15 cent payment his investment therein by way of depreciation has no bearing. Here we have the question of determining the basis upon which the statutory allowance for percentage depletion is to be computed. The computation of depletion by using a percentage of gross income is not an exact method for recovery of capital but a rule of thumb method permitted by the statute. Its use is optional with the taxpayer. If the latter elects to use this method, the formula provided by the statute must be followed and petitioner as lessee, in the computation, must "exclude" from gross income an amount equal to the rents or royalties he is required to pay "in respect of the property." The "property" here includes the mineral deposit and also the plant and facilities for which the item of rental here in dispute was paid.

We sustain the action of the respondent in excluding from petitioner's gross income, in determining the basis for deduction. the $121,205.75 paid by it on the basis of 15 cents per ton of coal extracted, as rental for the plant and equipment. Such payment constituted "rents or royalties paid * * * by the taxpayer in respect of the property."

*Decision will be entered for the respondent.*