OPINION. LeMire, Judge: The primary question presented is whether in the taxable year 1948 the petitioner had a single property or three separate properties for depletion purposes, as determined by the respondent. The record establishes that petitioner is engaged in mining in eight tracts. Petitioner owns leaseholds in all tracts under which it operates. The McDonald lease pertains only to the seam of coal mined through No. 1 mine. The land owned by J. N. White is operated by petitioner under an oral lease. No coal was mined on the White tract in the taxable year 1948. No. 1 mine has been operated since 1929. No. 2 mine was opened in 1940 and the No. 8 mine in 1945. The three mines are situate at three different depths. All of the lands are contiguous and contained within a single boundary. The No. 1 mine when first opened produced a coal of low sulphur content but, as the mining progressed, the sulphur content increased, and in order to meet the specifications of the purchasers petitioner was faced with the problem of obtaining a coal of low sulphur content to blend with the coal mined from No. 1 mine. Thereupon, No. 2 mine in the Powellton seam was opened. This seam lies approximately 38 feet below the Island Creek seam and is between 28 and 30 inches in thickness. The coal mined in the Powellton seam has a low sulphur content and when blended with the coal from No. 1 mine enabled petitioner to maintain its market. The coal produced from No. 2 mine was insufficient to meet petitioner’s requirement, and No. 3 mine was opened. This mine also produces a premium coal of low sulphur content. Because of the higher cost of operation of Nos. 2 and 3 mines it would not be economically feasible to operate them as separate units. The coal from No. 2 mine is carried by conveyor to the chute running from No. 1 mine to a bin. The coal from No. 3 mine is carried by chute directly to the bin where all of the coal is blended and then goes to a single tipple where it is cleaned and loaded into cars. The petitioner’s methods of operation and accounting are set forth in our Findings of Fact and need not be repeated here. The respondent contends that petitioner, in the years when it opened its Nos. 2 and 3 mines, had to make an election as to whether it would treat its properties as a single property and that such election is binding for all subsequent years. Begs. Ill, sec. 29.23 (m)-1 (i) ,[1] Petitioner contends that the quoted regulation is not a reasonable interpretation of the statute as applied to mineral properties. It argues that the only conceivable basis for the regulations requiring consistent treatment of the properties was the requirement in the statute of election between percentage and cost depletion; that such requirement was eliminated by section 145 of the Revenue Act of 1942, amending section 114(b) (4) of the Internal Revenue Code, and, hence, Congress no longer intended a taxpayer should be bound forever in his initial choice of the treatment of his properties. While under section 114(b) (4) of the Code, as amended, a taxpayer has the option in each taxable year to compute depletion either on a percentage or cost basis, whichever method results in the greater benefit, we are of the opinion that such privilege is separate and distinct from the option provided by the’ above regulations to consider separate properties as a single property for purposes of computing depletion. We conclude that this contention of petitioner is without merit. Regulations 111, section 29.23 (m)-l (i), supra, has appeared in substantially the same form in corresponding articles of Regulations 77, 86, 94,101, and 103. Although the sections of the revenue acts relating to depletion have been repeatedly amended, Congress has never adopted a statutory definition of the term “property” for such purposes. The courts have applied the definition as contained in the aforementioned regulations as a valid interpretation of the revenue acts. Helvering v. Jewel Mining Co., 126 F. 2d 1011; Black Mountain Corporation, 5 T. C. 1117; and Amherst Coal Co., 11 T. C. 209. The petitioner’s challenge to the validity of the regulations is without merit. Even though the petitioner had several properties it had the option under the regulations to treat such properties as a single property for depletion purposes, provided such treatment was consistently followed. While in the years 1942, 1943, and 1944, the petitioner in its tax returns claimed percentage depletion on the combined sales of coal from mines Nos. 1 and 2, it accepted, without protest, the respondent’s method of computing the depletion allowance for mine No. 2 on the cost basis. In 1945 the petitioner opened its No. 3 mine. In its tax returns for the years 1945 and 1946 the petitioner voluntarily claimed depletion on the basis of separate properties. In its 1947 return the petitioner claimed cost depletion on its No. 2 mine and percentage depletion on the combined sales of Nos. 1 and 3 mines. In the taxable year 1948 the petitioner claimed percentage depletion on the combined sales of all three mines. Therefore, the record clearly establishes that the petitioner has not consistently treated its properties as a single property for depletion purposes as required by the regulations. In Jewel Mining Co., Black Mountain Corporation, and Amherst Coal Co., supra, upon which the petitioner heavily relies, consistency of treatment of the properties was held to be a material factor. On this record, we are required to sustain the respondent’s determination that petitioner’s depletion allowance for the taxable year 1948 is to be computed on the basis of separate properties and not as a single property. Eeviewed by the court. Decision will be entered for the respondent. Murdock, J., dissents.