HELEN C. BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EARL M. BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 37688, 37689. Filed April 13, 1954.

*Geo. E. H. Goodner, Esq.,* and *Dewey R. Roark, Esq.,* for the petitioners.

*Robert L. Liken, Esq.,* for the respondent.

60

OPINION.

MURDOCK, *Judge:* Section 23 of the Internal Revenue Code allows a deduction for depletion in the case of mines but refers to section 114 (b) (3) and (4) for percentage depletion allowable under it. Section 114 (b) (4) (A) allows, in the case of coal mines, 5 per cent "of the gross income from the property during the taxable year, excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property" as the deduction for depletion under section 23 (m). Section 114 (b) (4) (B) defines "gross income from the property." The cost of goods sold and direct costs of producing goods sold are deductible from gross sales in arriving at gross income. Nevertheless, Regulations 111, section 29.23 (m)–1 (*f*) provides that " 'gross income from the property' means the amount for which such product was sold" less the rents or royalties mentioned in section 114 (b) (3) and (4) and numerous cases have been decided in which only rents and royalties paid or incurred in respect of the property have been subtracted from gross sales in arriving at the basis for percentage depletion.

The parties here merely argue whether the corporation obtained an economic interest in the coal in place as a result of the contract entitling it to a deduction for depletion. They seem to recognize that if it did obtain a depletable interest then the Commissioner did not err in eliminating from the partnership "gross income from the property" the amount paid to the corporation. The corporation, under the contract, obtained the exclusive right to mine the coal from the properties of the partnership and was to be paid a percentage of the amount of the gross sales of coal after deducting royalties, siding rentals, and commissions. It thus obtained an economic interest on which it was entitled to depletion under authority of the decided cases. *James Ruston*, 19 T. C. 284, dismissed (C. A. 4, Sept. 18, 1953). Cf. *Morrisdale Coal Mining Co.*, 19 T. C. 208, 217; *J. E. Vincent*, 19 T. C. 501, 524, quoting the cited portions of the *Morrisdale Coal Mining Co.* case. The Commissioner did not err in excluding from the gross income of the partnership the amount paid to the corporation.

The Commissioner also eliminated from the partnership's gross income from the property $11,298.96 paid as siding rents. His theory is that that must be excluded under section 114 (b) (4) (A) as rent paid or incurred by the taxpayer in respect of the property. He relies upon *Leechburg Mining Co.*, 15 T. C. 22, in which the lessee was required to pay as rents or royalties 25 cents for each ton of coal mined and shipped, of which 15 cents was for the use of plant machinery and equipment of the lessor. That rental did not include any amount for the use of a railroad siding. Furthermore, the siding here in question did not belong to any of the persons from whom the partnership leased its mining properties but was a separate piece of property to which no mining rights attached. The cited case is not in point and the Commissioner erred in excluding the rentals paid for the railroad siding in computing the deduction for percentage depletion for the partnership.

*Decisions will be entered under Rule 50.*